Matthew W. Claman, ASBA No. 8809164
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907-264-3311
Facsimile: 907-276-2631
Email: clamanm@lanepowell.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALCAN FOREST PRODUCTS LP, an Alaska Limited Partnership,<br><br>                      Plaintiff,<br><br>v.<br><br>A-1 TIMBER CONSULTANTS, INC., a Washington Corporation,<br><br>                      Defendant. | Case No. 5:11-cv-00001-TMB<br><br>**ANSWER TO COMPLAINT FOR BREACH OF CONTRACT AND VIOLATIONS OF THE UNFAIR TRADE PRACTICES ACT** |

Defendant A-1 Timber Consultants, Inc. ("A-1 Timber"), by and through counsel, in answer to plaintiff's complaint, states and alleges as follows:

### I. Statement of Civil Action

1. Admit that Exhibit A to the Complaint is a true and accurate copy of the Falling and Bunching Contract: Long Island and Coon Cove between Alcan Forest Products LP ("Alcan") and A-1 Timber Consultants, Inc. ("A-1") dated April 15, 2010 (the "Contract"). The remainder of the paragraph states a legal conclusion to which no response is required. In all other respects, the allegations are denied.

### II. Parties

2. A-1 has insufficient information to admit or deny the allegations in this paragraph and therefore denies those allegations.

3. Admit that A-1 is a Washington corporation authorized to do business in Alaska and that the State of Alaska issued a Certificate of Authority on November 2, 2010.

### III. Jurisdiction

4. Admit that this matter is properly heard in federal court. In all other respects, the allegations are denied.

5. Admit that this matter is properly heard in federal court. In all other respects, the allegations are denied.

6. Admit that this matter is properly heard in federal court. In all other respects, the allegations are denied.

### IV. Breach of Falling and Bunching Contract

7. Based on information provided by Alcan prior to signing the Contract on April 15, 2010, admit. In all other respects, the allegations are denied.

8. Based on information provided by Alcan prior to signing the Contract on April 15, 2010, admit. In all other respects, the allegations are denied.

9. Based on information provided by Alcan prior to signing the Contract on April 15, 2010, admit. In all other respects, the allegations are denied.

10. Admit that on or about March 2010, Alcan representatives, including Mike Doig, contacted A-1 about providing certain timber harvesting services at Long Island and Coon Cove. In all other respects, the allegations are denied.

11. A-1 has insufficient information to admit or deny the allegations in this paragraph and therefore denies those allegations.

12. A-1 has promoted itself as capable and experienced in mechanical felling of timber. In all other respects, the allegations are denied.

13. Admit.

14. Admit that on or about late March 2010, Tom Loushin ("Loushin") traveled to Ketchikan to meet with representatives of Alcan to discuss A-1 providing mechanical felling services to Alcan. In all other respects, the allegations are denied.

15. Admit that on or about late March 2010, Alcan representatives took Loushin to another harvest area to view Alcan's operation. In all other respects, the allegations are denied.

**Answer to Complaint for Breach of Contract
and Violations of the Unfair Trade Practices Act**
*Alcan Forest Products LP v. A-1 Timber Consultants, Inc.* **(Case No. 5:11-cv-00001-TMB)** Page 2 of 8

Case 5:11-cv-00001-SLG   Document 11   Filed 05/12/11   Page 2 of 8

16. Admit that on or about late March 2010, Alcan representatives discussed a felling and bunching contract with Loushin, and that some of those discussions took place in Ketchikan. In all other respects, the allegation is denied.

17. Admit that Alcan and A-1 reached an agreement as set forth in the Contract. In all other respects, the allegation is denied.

18. Admit that Alcan and A-1 reached an agreement as set forth in the Contract. In all other respects, the allegation is denied.

19. Admit that Alcan and A-1 reached an agreement as set forth in the Contract. In all other respects, the allegation is denied.

20. Admit that Alcan and A-1 reached an agreement as set forth in the Contract. In all other respects, the allegation is denied.

21. Admit that Alcan and A-1 reached an agreement as set forth in the Contract. In all other respects, the allegation is denied.

22. Admit that Alcan and A-1 reached an agreement as set forth in the Contract. In all other respects, the allegation is denied.

23. Admit that Alcan and A-1 reached an agreement as set forth in the Contract. In all other respects, the allegation is denied.

24. Admit that Alcan and A-1 reached an agreement as set forth in the Contract. In all other respects, the allegation is denied.

25. Admit that Alcan and A-1 reached an agreement as set forth in the Contract. In all other respects, the allegation is denied.

26. Admit that Alcan and A-1 reached an agreement as set forth in the Contract. In all other respects, the allegation is denied.

27. Admit that Alcan and A-1 reached an agreement as set forth in the Contract. In all other respects, the allegation is denied.

28. Admit that the Contract described its Term as "on or about April 15, 2010 and terminating on October 31, 2010 or upon completion." In all other respects, the allegation is denied.

**Answer to Complaint for Breach of Contract**
**and Violations of the Unfair Trade Practices Act**
*Alcan Forest Products LP v. A-1 Timber Consultants, Inc.* **(Case No. 5:11-cv-00001-TMB)**     Page 3 of 8

Case 5:11-cv-00001-SLG   Document 11   Filed 05/12/11   Page 3 of 8

29. Admit that A-1 loaded its equipment on a barge in Seattle at the earliest practicable date after the parties signed the Contract. In all other respects, the allegation is denied.

30. Admit that A-1 began work on Long Island at the earliest practicable date after the parties signed the Contract. In all other respects, the allegation is denied.

31. Admit that Alcan paid the barge charges for shipping A-1's equipment from Seattle to Ketchikan and that Alcan received a Freight Bill dated April 23, 2010, from Northland Services, Inc., in the amount of $5,345.75. In all other respects, the allegation is denied.

32. Admit that Alcan paid the barge charges for shipping A-1's equipment from Ketchikan to Long Island. In all other respects, the allegation is denied.

33. Admit the contents of Paragraph 27 of the Contract. In all other respects, the allegation is denied.

34. Admit the contents of Paragraph 27 of the Contract, including the identification of Dan Ward as A-1's on site representative. In all other respects, the allegation is denied.

35. Admit.

36. Admit that A-1 entered into a Timber Purchase and Sale Agreement with Leisnoi Incorporated on or about May 7, 2010, for the purchase of standing timber at or near Kodiak Island. In all other respects, the allegation is denied.

37. Denied.

38. Admit.

39. Admit that the Price Schedule of the Contract identifies the price for the Tigercat 370 as "$220 per cutting hour." In all other respects, the allegation is denied.

40. Admit that A-1 sent an invoice to Alcan on May 18, 2010, for a total of $18,700 based on 85 total hours for the Tigercat XL870 during the weeks ending May 1, May 8, and May 15, 2010. In all other respects, the allegation is denied.

41. Admit that A-1 sent an invoice to Alcan on June 17, 2010, for a total of $32,780 based on 149 total hours for the Tigercat XL870 during the weeks ending May 22, May 29, June 5, and June 15, 2010. In all other respects, the allegation is denied.

**Answer to Complaint for Breach of Contract
and Violations of the Unfair Trade Practices Act**
*Alcan Forest Products LP v. A-1 Timber Consultants, Inc.* **(Case No. 5:11-cv-00001-TMB)** Page 4 of 8

Case 5:11-cv-00001-SLG   Document 11   Filed 05/12/11   Page 4 of 8

42. Denied.

43. Admit that A-1's equipment had certain mechanical breakdowns while working on the Contract. In all other respects, the allegation is denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Admit that one of the mechanical breakdowns of A-1's equipment was a broken saw disc. In all other respects, the allegation is denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Admit that on or about July 7, 2010, Alcan sent a letter to A-1 by email that stated that Alcan "terminates" the Contract. In all other respects, the allegation is denied.

58. Admit that on or about July 7, 2010, Alcan sent a letter to A-1 by email that stated that Alcan "terminates" the Contract. In all other respects, the allegation is denied.

59. Denied.

60. Admit that A-1 removed its equipment from Long Island on or about July 7, 2010. In all other respects, the allegation is denied.

61. Denied.

62. Admit that A-1 sent two invoices to Alcan, May 18 and June 17, 2010, for a total of $51,480 based on 234 total hours for the Tigercat XL870 during April, May, and June 2010. In all other respects, the allegation is denied.

63. Denied.

Answer to Complaint for Breach of Contract
and Violations of the Unfair Trade Practices Act
*Alcan Forest Products LP v. A-1 Timber Consultants, Inc.* (Case No. 5:11-cv-00001-TMB)        Page 5 of 8

Case 5:11-cv-00001-SLG   Document 11   Filed 05/12/11   Page 5 of 8

64. Denied.
65. Denied.
66. Denied.
67. Denied.
68. Denied.
69. Denied.
70. Denied.

### First Claim for Relief
### (Material Breach)

71. Admitted or denied only to the extent previously admitted or denied.
72. Denied.
73. Denied.
74. Denied.
75. Denied.
76. Denied.
77. Denied.
78. Denied.

### Second Claim for Relief
### (Anticipatory Breach)

79. Admitted or denied only to the extent previously admitted or denied.
80. Denied.
81. Denied.
82. Denied.
83. Denied.
84. Denied.
85. Denied.
86. Denied.
87. Denied.

**Answer to Complaint for Breach of Contract
and Violations of the Unfair Trade Practices Act**
*Alcan Forest Products LP v. A-1 Timber Consultants, Inc.* **(Case No. 5:11-cv-00001-TMB)**  Page 6 of 8

Case 5:11-cv-00001-SLG   Document 11   Filed 05/12/11   Page 6 of 8

### Third Claim for Relief
### (Failure to Substantially Complete Contract)

88. Admitted or denied only to the extent previously admitted or denied.

89. Denied.

90. Denied.

91. Denied.

### Fourth Claim for Relief
### (Breach of Covenant of Good Faith and Fair Dealing)

92. Admitted or denied only to the extent previously admitted or denied.

93. Admit that both A-1 and Alcan have a duty to comply with the covenant of good faith and fair dealing in contractual relations. In all other respects, the allegation is denied.

94. Denied.

95. Denied.

### Fifth Claim for Relief
### (Unfair Trade Practices and Consumer Protection Act)

96. Admitted or denied only to the extent previously admitted or denied.

97. Denied.

98. Denied.

### **AFFIRMATIVE DEFENSES**

By way of further answer and affirmative defenses, A-1 Timber states as follows:

1. Plaintiff's complaint fails to state a cause of action upon which relief can be granted.

2. Plaintiff's damages, if any, were caused, in whole or in part, by Plaintiff's own negligence and defendant is entitled to the benefits of AS 09.17.010 *et seq*.

3. Plaintiff's injuries, if any, were caused, in whole or in part, by third parties over whom defendant has no control.

4. Plaintiff has failed to mitigate its damages, if any.

5. Plaintiff is estopped from bringing this claim.

6. Plaintiff has waived its right to bring this claim.

7. Plaintiff's claim is barred by the doctrine of unclean hands.

**Answer to Complaint for Breach of Contract
and Violations of the Unfair Trade Practices Act**
*Alcan Forest Products LP v. A-1 Timber Consultants, Inc.* **(Case No. 5:11-cv-00001-TMB)** Page 7 of 8

Case 5:11-cv-00001-SLG   Document 11   Filed 05/12/11   Page 7 of 8

8. A-1 Timber reserves the right to add additional affirmative defenses as may be discovered through future discovery.

## PRAYER FOR RELIEF

WHEREFORE, having answered plaintiff's complaint, and having set forth its affirmative defenses, A-1 Timber prays for relief as follows:

1. That Plaintiff's complaint be dismissed, with prejudice;

2. That A-1 Timber be awarded its costs, including reasonable attorneys' fees, incurred in the defense of this action; and

3. For such further relief as this court deems equitable and just.

DATED this 12th day of May, 2011.

        LANE POWELL LLC
        Attorneys for Defendant

        By  /s/ Matthew W. Claman
          301 West Northern Lights Boulevard, Suite 301
          Anchorage, Alaska 99503-2648
          Tel: 907-264-3311
          Fax: 907-276-2631
          Email: clamanm@lanepowell.com
          ASBA No. 8809164

I certify that on May 12, 2011, a copy of the foregoing was served by ECF on:

H. Clay Keene, Esq.; info@keenecurrall.com

  /s/ Matthew W. Claman
124950.0004/4176789.1

**Answer to Complaint for Breach of Contract
and Violations of the Unfair Trade Practices Act**
*Alcan Forest Products LP v. A-1 Timber Consultants, Inc.* **(Case No. 5:11-cv-00001-TMB)**     Page 8 of 8

Case 5:11-cv-00001-SLG Document 11 Filed 05/12/11 Page 8 of 8